UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

OTIS BRIDGEFORTH,

                         Plaintiff,

v.                                                Civ. No. 1:12-CV-519
                                                         (GTS/RFT)
PO THAYER; PO TABONE; SPO M. COLEMAN;
PO HAUGHES; DAN DECKER, Parole Officer
Appointed to Case and VOR establisher; and SUSAN
JEFFORDS, Parole Revocation Specialist,

                        Defendants.
_____

APPEARANCES:                                            OF COUNSEL:

OTIS BRIDGEFORTH
  Plaintiff, *Pro Se*
1032894 30956
Rensselaer County Jail
W2 206
4000 Main Street
Troy, NY 12180

GLENN T. SUDDABY, United States District Judge

### DECISION and ORDER

     On May 3, 2012, United States Magistrate Judge Randolph F. Treece issued an Order in this pro se civil rights action that, inter alia, directed Otis Bridgeforth ("Plaintiff") to pay the Court's three-hundred-fifty-dollar fee for the action within thirty days of the date of the Order, or have his Complaint promptly dismissed by the undersigned. (Dkt. No. 8.) Plaintiff did not subsequently pay that filing fee. (*See generally* Docket Sheet.) Magistrate Judge Treece's Order of May 3, 2012, does not appear to have reached Plaintiff. (*See* Dkt. No. 9 [Mail Returned as Undeliverable].) However, that fact was due to Plaintiff's failure to notify the Clerk of the Court

of his current address, as expressly required by Local Rules 10.1(c)(2) and 41.2(b) of the Local Rules of Practice for this Court.  (*See generally* Docket Sheet.)

The Court has carefully weighed the factors governing a court's dismissal of a plaintiff's action under Fed. R. Civ. P. 41(b) for failure to comply with a court order (specifically, by failing to comply with Magistrate Judge Treece's Order of May 3, 2012) and/or failure to prosecute (specifically, by failing to notify the Clerk of the Court of his current address), and finds that, under the circumstances, those factors weigh decidedly in favor of dismissal. Specifically, the Court renders the following five factual findings.

First, the duration of Plaintiff's failure to comply with Magistrate Treece's Order is more than a month, having begun on June 2, 2012, when he failed to pay the Court's filing fee. Furthermore, the duration of Plaintiff's failure to prosecute is more than two months, having begun on May 11, 2012, when he was released from the custody of Rensselaer County Jail yet failed to notify the Clerk of this Court of his new address.  (Dkt. No. 9.)

Second, Plaintiff has received adequate notice that his failures would result in dismissal. Plaintiff's duty to keep the Clerk's Office apprised of his current address is clearly stated in Local Rules 10.1(c)(2) and 41.2(b) of the Local Rules of Practice for this Court.  It is also stated on page 43 of the District's *Pro Se* Handbook.  Plaintiff received copies of these documents in the numerous of the other cases he had filed before filing this case on March 21, 2012.[1] Furthermore, Plaintiff received adequate notice that he had acquired at least "three strikes" for

---

[1]  *See, e.g., Bridgeforth v. Cnty. of Rensselaer*, 08-CV-0779, Notice of Receipt by Otis Bridgeforth (N.D.N.Y. filed July 28, 2008); *Bridgeforth v. Popavics*, 09-CV-0545, Docket Entry Reflecting Mailing of Pro Se Handbook (N.D.N.Y. filed May 8, 2009); *Bridgeforth v. Burke*, 09-CV-1435, Acknowledgment of Receipt of Pro Se Handbook and Local Rules of Practice (N.D.N.Y. filed Jan. 28, 2010).

purposes of Prison Litigation Reform Act, sufficient for him to either pay the filing fee or allege facts plausibly suggesting that he was in imminent danger of serious physical injury *at the time of the filing* his motion to proceed in forma pauperis (which he clearly did not do in this case).[2]

Third, Defendants are likely to be prejudiced by further delay in this action, which may well affect the ability to locate witnesses (who might retire from, or be transferred within, the New York State Division of Parole), and the preservation of evidence. *See Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (finding that passage of time would cause memories to fade).

Fourth, under the circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case. It is the need to monitor and manage dilatory cases like this one that delay the resolution of other cases, and that contribute to the Second Circuit's relatively long median time to disposition for prisoner civil rights cases.

Fifth, the Court has carefully considered less drastic sanctions and has found them to be inadequate under the circumstances, especially given the fact that any Order issued by the Court admonishing Plaintiff for his dilatory conduct would likely never reach him. The Court would add only that (1) it has reviewed the docket sheets of Plaintiff's various other actions in this District, and cannot discern Plaintiff's current address, and (2) Plaintiff's abusive litigation

---

[2] *See, e.g., Bridgeforth v. U.S. Navy Recruitment Office*, 11-CV-0431, Report-Recommendation, at 2-9 (N.D.N.Y. filed May 18, 2011) (Treece, M.J.); *Bridgeforth v. Officer Coffman*, 11-CV-0422, Decision and Order, at 2-6 (N.D.N.Y. Dec. 28, 2011) (Mordue, J.); *Bridgeforth v. Mahar*, 11-CV-0578, Decision and Order, at 2-5 (N.D.N.Y. filed Dec. 28, 2011) (Mordue, J.); *Bridgeforth v. Div. of Parole*, 11-CV-0402, Decision and Order, at 2-6 (N.D.N.Y. filed Jan. 20, 2012) (McAvoy, J.).

history in this District, the Court is not confident that Plaintiff will reappear in the near future and diligently prosecute this action.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

Date:  July 16, 2012
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge